Thomas L. YATES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 12–82–0006–CR, 12–82–0007–CR.

Court of Appeals of Texas, Tyler.

Jan. 19, 1984.

Rehearing Denied Feb. 9, 1984.

Discretionary Review Refused Oct. 10, 1984.

See also Tex.App., 679 S.W.2d 538.

Paul Tatum, Nacogdoches, for appellant.

Herbert Hancock, Nacogdoches, for appellee.

COLLEY, Justice.

Yates appeals from orders revoking his probation in these cases. On the 24th day of February, 1981, Yates waived his right to a trial by jury and pleaded guilty before the court in each case to the indictment charging him with attempted capital murder. His pleas were accepted, and he was adjudged guilty in each case of the offense of attempted capital murder. Punishment was assessed by the court pursuant to a plea bargain agreement at ten years confinement and in Cause No. 12–82–0007–CR (Trial Court No. 11,402–80–5) a fine of $250. Imposition of sentence as to his confinement was suspended in both cases, and Yates was placed on probation for a period of ten years. He did not appeal from such judgments of conviction and orders for probation.

On October 16, 1981, the State filed motions to revoke Yates' probation in both cases alleging identical grounds. The motions alleged (1) that on the 15th day of October, 1981, Yates committed the misdemeanor offense of driving while intoxicated and (2) that on the same date he committed the offense of possession of a firearm by a felon. Yates pleaded "not true" to both counts in each case. Following a revocation hearing conducted on such motions on the 20th day of November, 1981, the trial court revoked Yates' probation in both cases and imposed sentence. The orders revoking probation and imposing sentence in each case were virtually identical and found that Yates violated condition 2 of his probation, providing "... that he commit no offense against the laws of this state ....," in that he committed the two offenses alleged against him by the State.

Yates presents ten grounds of claimed error in seeking reversal of the revocation orders. In grounds one and two he contends that he was deprived of his sixth amendment right to counsel before he was offered a breath test by a Department of Public Safety officer, and that though he consented to take the test, the denial of his right to counsel "... destroys the statutory presumption [sic] of consent to the ... test"; and that his request for counsel constituted "implied refusal" to take the breath test.

Yates asserts in ground six that the trial court erred in overruling his motion to quash the indictment. By ground ten Yates claims his warrantless arrest was

illegal. We affirm the trial court's orders revoking probation.

The record reflects that on October 15, 1981, Chief Probation Officer Brice and Probation Officer Strawther planned a home visit with Yates. As they drove near Yates place of residence they observed him driving a pickup truck and followed him in their vehicle along Farm Road 225 in Nacogdoches County. Yates, the sole occupant of the truck, drove into the driveway of a grocery store in the Alazan community, stopped his vehicle and got out. Strawther and Brice stopped their auto near Yates' truck and on foot approached Yates. Strawther testified that he shook hands with Yates and engaged in conversation with him. He testified that Yates' breath had the odor of alcoholic beverage and that Yates' eyes were "bloodshot." Being persuaded that Yates was intoxicated, he and Brice told Yates to get into the backseat of their vehicle and then called for assistance. Department of Public Safety Trooper Evans answered that call. When he arrived, Evans also greeted Yates who was seated in the probation officer's automobile and testified that after observing Yates he also was of the opinion that Yates was "indeed intoxicated." Evans then took custody of Yates, transporting him to the Nacogdoches sheriff's office where he offered Yates a breath test. Yates indicated he wanted to talk to his lawyer and was promptly permitted by Evans to make a telephone call to contact the attorney. The evidence showed that Yates called the home of Marion Holt, a Nacogdoches lawyer who later participated in the defense of Yates at the trial of the revocation motions. About twenty-five minutes elapsed after Yates made his phone call to his lawyer, and when the lawyer did not appear within that time, Evans again requested Yates to submit to the breath test on an "Intoxilyzer" machine located in the Sheriff's office.

Yates, according to the State's testimony, then consented to take the test after being advised that he had a right to refuse the same. Yates' version of the events and dialogue was somewhat different. He testified in effect that he took the breath test after Evans informed him that he intended to charge Yates with driving while intoxicated regardless of whether or not Yates took the test and therefore Yates had "... nothing to lose." In any event, Yates took the test, and about thirty seconds after the machine printed out the results (0.14%) attorney Holt arrived.

■ Yates does not urge in this appeal that he was denied the right to communicate with his attorney, but rather he claims that he had a sixth amendment right to advice of counsel before he could be required to make a decision about whether or not to submit to the breath test after being requested to do so by Trooper Evans. As already noted, Yates also claims that his request for counsel amounted to an implied refusal to take the test. Neither of Yates' contentions are meritorious. First of all, no right to counsel under the sixth amendment to the United States Constitution or under Article 1, sec. 10 of the Texas Constitution exists at such stage of the proceeding, *U.S. v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; and whether or not Yates voluntarily consented to take the test is a fact issue. *Turpin v. State*, 606 S.W.2d 907 (Tex.Cr.App.1980). The trial court in overruling Yates' objections to the admission into evidence of the results of the breath test impliedly found that Yates consented to take the test. Grounds one and two are overruled.

■ We now turn to consider Yates' claim that the trial court erred in overruling his motion to quash the indictments. The language of the indictments [1] demon-

---

**1.** Indictment in Cause No. 12–82–0006–CR reads in pertinent part:

"... did then and there with the specific intent to commit capital murder, did then and there knowingly and intentionally attempt to cause the death of an individual, James Sanders, a peace officer, by *shooting at him with a shot-* gun, and the said Thomas L. Yates, Jr., then, and there knew the said James Sanders was a peace officer, to-wit: Inspector, Texas Alcoholic Beverage Commission, who was acting in the lawful discharge of an official duty, to-wit: investigation of a reported shooting incident in

strates that neither indictment is fundamentally defective. *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App.1978); *Ex parte Pousson,* 599 S.W.2d 820, 822 (Tex.Cr.App. 1980); *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980). Since Yates failed to appeal when placed on probation, he waived his right to review of the original trial and conviction. This is a rule of long-standing in this state. *Chavez v. State,* 375 S.W.2d 729 (Tex.Cr.App.1964); see also *Dinnery v. State,* 592 S.W.2d 343, 350 (Tex.Cr.App.1979) (opinion on rehearing 1980). Ground six is overruled.

Yates argues under his tenth ground that his arrest was illegal because no facts are shown justifying a conclusion that Yates "... would attempt to escape." In determining whether a warrantless arrest is constitutionally valid, we must carefully examine the "concrete factual situation ..." here presented. *Hardinge v. State,* 500 S.W.2d 870 (Tex.Cr.App.1973); see also *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1967). It is clear from the record here that Yates was arrested by the conduct of Strawther and Brice when they required him to enter their vehicle and remain there. At that point, Yates' liberty was restrained, and he was not free to move about at his own will. Art. 15.22, Code of Criminal Procedure,[2] *Hardinge v. State, supra.* In making such arrest, the probation officers acted as private citizens since they are not peace officers under art. 2.12 and were not acting under court orders to arrest Yates.

In reviewing Yates' contentions we are aware that warrantless arrests are not favored by the courts. *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Honeycutt v. State,* 499 S.W.2d 662 (Tex.Cr.App.1973). Exceptions to the necessity for obtaining warrants exist solely by virtue of the provisions of the Code of Criminal Procedure which are to be given strict and narrow construction. *Honeycutt v. State, supra.* Based on the peculiar facts here presented, we conclude that Yates' warrantless arrest by the probation officers was authorized by the provisions of art. 14.01(a), reading in part, "... a peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony *or as an offense against the public peace.*" (Emphasis added.) Misdemeanor D.W.I. is an offense against the public peace. *Romo v. State,* 577 S.W.2d 251 (Tex.Cr.App.1979). Following his arrest by the probation officers, Yates was released into the custody of Trooper Evans who subsequently requested Yates to take the breath test under the provisions of art. 6701 *l*–5, Tex.Rev.Civ. Stat.Ann. (Vernon 1977). Yates consented and took the test. The results were admissible evidence against him and such results and the testimony produced by the state support the trial court's finding that Yates committed the misdemeanor offense of driving while intoxicated on October 15, 1981, as alleged in the motions to revoke. Ground ten is overruled.

Since the orders revoking Yates' probation are amply supported by the allegations and proof that he committed the misdemeanor offense of driving while intoxicated, it is unnecessary for us to address the remaining grounds of error, and we decline to do so. No abuse of discretion is shown, and the orders of revocation rendered by the trial court are affirmed.

the Douglass Community in said County and State...."
Indictment in Cause No. 12–82–0007–CR reads in pertinent part:
"... did then and there with the specific intent to commit capital murder, did then and there knowingly and intentionally attempt to cause the death of an individual, C.E. Cain, a peace officer, by shooting at him with a shotgun, and the said Thomas L. Yates, Jr., then and there knew the said C.E. Cain was a peace officer, to-wit: Nacogdoches County Deputy Sheriff, who was acting in the lawful discharge of an official duty, to-wit: investigation of a reported shooting incident in the Douglass community in said county and state...."

2. All references to articles refer to the Texas Code of Criminal Procedure unless otherwise indicated.