Bobby Lee **PRINGLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–86–00598–CR.

Court of Appeals of Texas, Dallas.

April 30, 1987.

Rehearing Denied June 9, 1987.

Bobby Lee Pringle, pro se.

Yung Sung Choe, Dallas, for appellee.

Before DEVANY, STEWART and ROWE, JJ.

STEWART, Justice.

In a trial before a jury, appellant was convicted of driving a motor vehicle while intoxicated and sentenced to 30 days in jail, probated for 24 months, and a $500 fine. Appellant brings three points of error, contending that his conviction should be reversed because the court admitted into evidence testimony which was the fruit of an unlawful arrest, the information under which he was charged was not supported by sufficient affidavit, and the prosecutor improperly commented on appellant's failure to testify. We find no reversible error, and appellant's conviction is affirmed.

In his initial point of error, appellant contends that Dallas Police Officer Barbara A. Laase had no probable cause to arrest appellant and that the arrest was, consequently, unlawful. Appellant concludes that Officer Laase's testimony, beginning

with her description of her first contact with appellant, was inadmissible and the trial court committed reversible error by allowing such testimony into evidence. Because we find that Officer Laase had probable cause to conduct a temporary, investigative detention of appellant, and because such detention uncovered evidence sufficient to provide probable cause for arrest, we cannot agree.

Douglas A. Sapper testified that on August 16, 1985, he noticed a white, late model Cadillac approaching him at a high rate of speed. The Cadillac crossed in front of Sapper's car, touching the curb as it crossed. Continuing to travel in excess of 55 mph, the Cadillac swerved in front of another automobile and forced that automobile to veer into a parking lot. The Cadillac moved back and forth, from lane to lane, in front of several other cars, forcing some of them to rapidly apply their brakes in an apparent effort to avoid a collision. While Sapper and the Cadillac were stopped at a red traffic signal, the driver responded with an obscenity to Sapper's advice that he pull his car off the road. The Cadillac then took off quickly, veered into a Mobil gas station lot, and pulled into a parking space. At trial, Sapper identified the driver as appellant. Sapper flagged down Officer Laase with his flashlight. He told her that a car had been driving erratically and pointed to the white Cadillac in the Mobil station parking space. The two approached the Cadillac and observed appellant lying down in the front seat, about half on and half off the seat. Sapper and Officer Laase knocked on the windows of appellant's motor vehicle and shined flashlights inside, but they failed to arouse him. Office Laase opened the car door and shook appellant by the shoulder two or three times before managing to get any response from him. After she got appellant to sit up, she asked him to get out of the car several times. Finally, with her aid, appellant was able to exit the car. Sapper noticed that appellant's clothing was rumpled, his tie was undone, he was swaying, he smelled like alcohol, and his answers to Officer's Laase's questions were garbled and incoherent. Appellant had difficulty in retrieving his driver's license. In Sapper's opinion, appellant was intoxicated.

Officer Laase's testimony was completely consistent with that of Sapper. Further, she stated that appellant was disoriented; his eyes were glazed and red; he admitted having been out with friends for some drinks; the fly of his trousers was open; and he had to concentrate unduly before answering questions. Officer Laase placed appellant under arrest and transported him downtown to the Lew Sterrett Justice Center. Appellant dozed off during the trip. In her opinion, appellant was intoxicated to the extent that he had no control over his mental faculties.

Appellant contends that all testimony of Officer Laase from the time she approached appellant's car was inadmissible as a result of an unlawful detention and arrest in violation of the federal and state constitutions. Appellant bases this contention on his assertions that Sapper's statement to Officer Laase that appellant had been driving erratically was insufficient to justify a detention or arrest, that Officer Laase neither knew Sapper nor had any other reason to rely on his statements as justification for detention, and that appellant's car was parked in a private parking space at a Mobil station and not on a public road. We hold that the statements of Sapper, when combined with the observations of Officer Laase and the objective circumstances, were sufficient to justify detention and that the officer's observations of appellant after the detention were sufficient to justify arrest.

An arrest, whether effectuated with or without a warrant, must be based upon probable cause. *Campbell v. State*, 644 S.W.2d 154, 158 (Tex.App.—Austin 1982), *aff'd*, 647 S.W.2d 660 (Tex.Crim.App. 1983). *See also New York v. Belton*, 453 U.S. 454, 457, 101 S.Ct. 2860, 2862, 69 L.Ed.2d 768 (1981). "Probable cause" is not itself a fact which must be shown by the evidence; it is rather a conclusion which may or may not be drawn from all the circumstances. *Campbell*, 644 S.W.2d at 158. Probable cause does not deal with

technicalities but rather with the factual and practical considerations of everyday life on which reasonable and prudent men act. *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). To determine if probable cause exists, one evaluates the facts and circumstances to decide whether the officer proceeded on the basis of a hunch or suspicion; or whether the arrest was made on the personal observations of the officer, or upon reasonably trustworthy information supplied by others, sufficient in themselves to make a person of reasonable caution believe that an offense has been committed by the person sought to be arrested. *Brinegar*, 338 U.S. at 175–76, 69 S.Ct. at 1310–11; *Campbell*, 644 S.W.2d at 158.

 Circumstances short of probable cause for arrest may justify temporary detention for purposes of investigation. *Schwartz v. State*, 635 S.W.2d 545, 546 (Tex.Crim.App.1982). The totality of the circumstances surrounding the incident are examined in determining whether the detention was reasonable and justified. *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex. Crim.App.1978). The law enforcement officer must have specific, articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion represented by the detention. *United States v. Brignoni-Ponce*, 422 U.S. 873, 880, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975). *Shaffer*, 562 S.W.2d at 855. In order to satisfy this standard, the police officer must have a reasonable suspicion that some activity out of the ordinary has occurred; some suggestion to connect the person detained with the unusual activity; and some indication that the activity was related to crime. *Bailey v. State*, 629 S.W.2d 189, 190 (Tex. App.—Dallas 1982, pet. ref'd). *See also United States v. Cortez*, 449 U.S. 411, 411–19, 101 S.Ct. 690, 691–96, 66 L.Ed.2d 621 (1980).

 While it is arguable that Officer Laase's actions constituted such a detention as to amount to a "seizure" for purposes of invoking the constitutional right against unreasonable arrest, *see Brignoni-Ponce*, 422 U.S. at 878, 95 S.Ct. at 2778–79; *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); *Terry v. Ohio*, 392 U.S. 1, 13–14, 16–19, 88 S.Ct. 1868, 1875–76, 1877–79, 20 L.Ed.2d 889 (1968), we will assume for purposes of analysis that when she opened appellant's car door and beckoned him outside, Officer Laase detained appellant despite his apparent inability to walk away. We find that the temporary detention for purposes of investigation was justified. While the tip of an unnamed informant of undisclosed reliability is not sufficient as the *sole* circumstance justifying detention, *Ebarb v. State*, 598 S.W.2d 842, 844 (Tex.Crim.App.1980), statements from a victim or witness may constitute part of the circumstances justifying the detention without regard to reliability. *Campbell* 644 S.W.2d at 156; *Mann v. State*, 525 S.W.2d 174, 176 (Tex.Crim.App. 1975).

The circumstances apparent to Officer Laase on the night of August 16 were that a citizen had requested her assistance; the appellant's car was parked at a closed gas station; the appellant was sprawled in an unusual position within the car; and the appellant was not easily roused. When combined with the statements of Sapper, these circumstances were sufficient to raise a reasonable suspicion that an unusual activity related to crime had occurred and that appellant was connected to this activity. The officer could infer from her training and experience as a police officer that a person who was asleep and parked in a parking lot that was not connected to a hotel, restaurant, apartment, or similar establishment, who was unusually positioned, and whose unconsciousness was greater than would be expected for a merely sleeping person was "passed out" as a result of alcohol or drugs. These inferences, when connected to Sapper's statements, justified Officer Laase in assisting appellant from the car and observing his demeanor.

 Once appellant alighted from his car, the witness and officer observed that he was intoxicated. Any peace officer may arrest, without warrant, persons found in

suspicious places and under circumstances which reasonably show that such persons have been guilty of some breach of the peace. TEX.CODE CRIM.PROC.ANN. art. 14.03 (Vernon 1987). Driving while intoxicated is a breach of the peace. *Romo v. State*, 577 S.W.2d 251, 253 (Tex.Crim.App. 1979); *Yates v. State*, 679 S.W.2d 534, 537 (Tex.App.—Tyler 1984, pet. ref'd). The place and circumstances under which Officer Laase found appellant reasonably showed that he had been guilty of a breach of the peace and gave probable cause to the officer to arrest appellant. *See and compare Gandara v. State*, 661 S.W.2d 749 (Tex.App.—El Paso 1983, review ref'd); *Corbitt v. State*, 445 S.W.2d 184 (Tex.Crim. App.1969); *Gamez v. State*, 352 S.W.2d 732 (Tex.Crim.App.1961). Further, even had Officer Laase not had probable cause to arrest for driving while intoxicated, she had probable cause to arrest for public intoxication, thereby validating the arrest. *United States v. Fossler*, 597 F.2d 478, 482 (5th Cir.1979); *Fletcher v. State*, 164 Tex. Cr.R. 321, 298 S.W.2d 581, 582 (1957); Appellant's initial point of error is overruled.

In his second point of error, appellant complains that the information under which he was charged and brought to trial was fatally defective because it failed to name the complaining witness, Sapper, and because the affidavit upon which it was based failed to demonstrate knowledge sufficient to give a basis for the affiant's statements therein. We cannot agree.

■■■ An information is fundamentally defective if it fails to name a complainant. *Ex Parte Lewis*, 544 S.W.2d 430, 431 (Tex.Crim.App.1976). However, the information in the record of this cause names Barbara Laase as complainant and is therefore sound.

■■■ Appellant next contends that only Sapper could have made a proper affidavit in support of the information in this case because he is the only person claiming to have personal knowledge or proof of the alleged offense. Appellant also complains that the affidavit supporting the information does not make any averment concerning the credibility of Sapper, who made the complaint. *Earley v. State*, 635 S.W.2d 528 (Tex.Crim.App.1982). The *Earley* case is distinguishable on its facts. It involved the legality of the defendant's arrest based on a citizen's call to the police.

Article 21.22 governs the requirements of an information based upon a complaint and only requires an affidavit by "some credible person charging the defendant with an offense." Here, the information was supported by Patrick Cheshier's affidavit. There is no showing that Cheshier is not a "credible person." Further, there is no requirement that the affiant have first-hand knowledge. The purpose of the prosecution affidavit is to preclude a single individual from being both accuser and prosecutor; consequently, it is not necessary to inquire into the nature of the knowledge upon which an affiant bases his factual statements. *Wells v. State*, 516 S.W.2d 663, 664 (Tex.Crim.App.1974). Finally, there is no contention or evidence that Cheshier was a prosecutor. Appellant's point of error two is overruled.

■■■ In his final, multifarious point of error, appellant complains of several portions of the prosecutor's argument to the jury. In the first challenged portion, the prosecutor argued that:

Well, we know, by what the defendant told the officer at the scene of the arrest, that he had been drinking. Don't you know that if he had just two drinks between 6 o'clock and 7 o'clock, he would have told the officer he just had two several hours ago. He just wouldn't have said, "I've been drinking." It is reasonable to conclude that he only—not only had those two drinks between 6 o'clock and 7 o'clock; that he had several, if not many drinks—

DEFENSE COUNSEL: Now, your honor, I'm going to object to that, because he's outside the record. He doesn't have any evidence of any other drinks.

THE COURT: Overruled.

PROSECUTOR: That'[s] a reasonable deduction to make, based on the evidence that you've heard.

Appellant contends that this misstates testimony and urges that the jury assume matters not in evidence. A prosecutor is allowed, in jury argument, to make reasonable deductions from the evidence. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex. Crim.App.1980); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973); *Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim.App.1972). The evidence indicated that appellant admitted that he had been drinking on the night of the offense. Appellant's only witness testified that appellant had two scotch whiskeys between six and seven o'clock that evening. Inasmuch as the arrest did not occur until 10:30, and the appellant was intoxicated at that time, it was a reasonable deduction from the evidence that appellant had partaken of additional drinks between 7:00 and 10:30. The deduction by the prosecutor was reasonable and not objectionable.

 Next, appellant complains of the prosecutor's argument, which was:

> If the defense had wanted to bring you any other witnesses, they would have. They have equal subpoena power. They could have gone out, filled out an application for a subpoena, served that subpoena on whoever [sic] witness they wanted to bring into court, and that witness would have testified. You would have heard from him, but you didn't hear from any other witnesses.

Appellant contends that this argument constituted reversible commentary on his decision not to testify. We agree that the argument was improper, but we hold that it was harmless and that any error was waived. A prosecutor may not comment upon the failure of a defendant to testify. TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979). A prosecuting attorney may comment in his final jury argument on the failure of the defendant to call material competent witnesses, when it is shown that such witnesses were available to testify on behalf of a defendant but were not called by the defendant to testify. *Garrett v. State*, 632 S.W.2d 350, 353 (Tex.Crim.App. 1982). In this case, there was no evidence before the jury to indicate the existence of any other witness who could testify to ap-

pellant's actions other than those witnesses called to trial and the appellant himself. Since there is no showing that any other person besides appellant could have testified in his behalf, the prosecutor's argument is objectionable. *Id.*

 However, this does not end our inquiry. We must next determine whether such error committed by the prosecutor in making such an argument was reversible. *Id.* The test to be applied is whether the objectionable argument was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). In making this latter determination, we look to the evidence of the entire case. *Clemons v. State*, 605 S.W.2d 567, 571 (Tex.Crim.App. 1980). After reviewing the entire record, we find that the evidence was overwhelming, if not beyond all doubt, that the appellant was guilty. Therefore, we conclude that the error was harmless beyond a reasonable doubt.

In any event, the prosecutor's comment on the appellant's failure to testify was only an indirect comment. *Hawkins v. State*, 660 S.W.2d 65, 79 (Tex.Crim.App. 1983). Accordingly, an instruction to the jury to disregard the argument would have cured any error. *Jones v. State*, 693 S.W.2d 406, 409 (Tex.Crim.App.1985). Since appellant failed to move for an instruction to disregard, he has waived any error. *Montoya v. State*, —— S.W.2d ——, No. 69,186 p. 29 (Tex.Crim.App.1987) (not yet reported).

 Finally, appellant complains of the following instance of the prosecutor's jury argument:

> The Defendant was offered a breath test. He was told that if he refused, his license would be suspended for ninety days. He was told that if he refused, the fact that he did refuse would be admissible at a subsequent DWI prosecution, and he was told that if he did take the test, he'd get to bring his own physician within two hours to either confirm or contradict the results of that test, but he refused. He'd rather go to jail, lose his license for

ninety days, rather than take that test. He'd rather lose his license, and come down here—

Defense counsel objected to this argument on grounds that the argument was outside the record. On appeal, appellant contends that the argument was a comment on his failure to testify. Because the objection made at trial was not the same as that urged on appeal, appellant has failed to preserve any error for review. *Hodge v. State,* 631 S.W.2d 754, 757 (Tex.Crim.App. 1982). Further, the court instructed the jury to disregard the argument, and appellant now complains of the failure of the trial court to grant a mistrial. Since the argument was not a direct allusion to appellant's failure to testify but rather consisted of remarks directed to the substance of the DWI videotape made of appellant on arrest and admitted into evidence, the instruction to disregard was sufficient to cure any error, and the trial court did not err by refusing to grant a mistrial. Appellant's third point of error is overruled.

Having found no reversible error, the judgment is affirmed.

AFFIRMED.