Whittington v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-503-CR





ANDERSON WHITTINGTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY 



 HONORABLE DAVID PURYEAR, JUDGE



 





PER CURIAM



 Following a plea of nolo contendere, the trial court found appellant guilty of
driving while intoxicated. Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b) (Supp. 1992). The trial
court assessed punishment at confinement for ninety days and a fine of $1000.00. The court then
suspended imposition of sentence, ordering that appellant's jail term be probated for two years
and that $600.00 of his fine be probated.

 By a single point of error, appellant contends that the trial court erred in refusing
to suppress evidence obtained during an investigative detention. Appellant argues that the
detention was based on insufficient specific, articulable facts. U.S. Const. amend. IV; Tex.
Const. art. I, § 9; Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983).

 While on patrol at 5:05 a.m., Police Officer Ritzenhaler received a call from the
dispatcher. The dispatcher relayed the complainant's report that appellant, her ex-boyfriend, was
doing something to the windows of her car.

 Police Officer Carpenter, who was also on call, informed Ritzenhaler that the
complainant had called earlier that night to report appellant's pouring something down her gas
tank. Appellant left before Carpenter arrived, but the complainant described appellant's car to
him as an older, lavender Pontiac LeMans. The complainant's earlier call was made between
midnight and 5:00 a.m.

 Ritzenhaler was five houses away from the complainant's house when he spotted
a lavender LeMans moving up the middle of a side street. Ritzenhaler testified that he first saw
the car two or three minutes after receiving the dispatcher's call. He followed the car, and after
confirming its color and model, he signalled the driver to stop. Appellant stopped and exited the
car. 

 An investigative detention requires specific, articulable facts that create a
reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some
suggestion to connect the detainee with the unusual activity, and some indication that the unusual
activity is related to crime. Meeks v. State, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983). 
Appellant concedes that Officer Ritzenhaler knew sufficient facts to suspect that an unusual
activity had occurred or was occurring. He contends, however, that the facts did not connect his
car to that activity. 

 The statements from the complainant formed part of the facts justifying the
detention without regard to reliability. Pringle v. State, 732 S.W.2d 363, 367 (Tex. App. 1987,
pet. ref'd); e.g., Campbell v. State, 644 S.W.2d 154 (Tex. App. 1982), pet. ref'd, 647 S.W.2d
660 (Tex. Crim. App. 1983). The complainant had earlier described appellant's car to Officer
Carpenter, and Officer Ritzenhaler knew that description. The complainant's first and second
calls were close enough in time to allow Ritzenhaler to rely on the description she gave in the first
call. Carlos v. State, 705 S.W.2d 359 (Tex. App. 1986, pet. ref'd); see 3 Wayne R. LaFave,
Search and Seizure § 9.3(d)(6) (2d ed. 1987). Ritzenhaler saw appellant's car within one block
of the complainant's house and within three minutes of her second call. Taken together, these
facts connected appellant's car to the unusual activity.

 Appellant also argues that the complainant's statements were too vague to relate
the unusual activity to crime. In her second call, the complainant said that appellant was doing
something to her car and that she thought he was cutting the windows of her vehicle. The
complainant had called earlier that night to report that appellant was pouring something into her
car's gas tank. These statements indicated that the unusual activity was a possible vandalism of
the complainant's car.

 Additionally, appellant was committing a traffic violation by driving in the middle
of the street when Ritzenhaler stopped him. Tex. Rev. Civ. Stat. Ann. art. 6701d § 60 (1977). 
A traffic offense committed in an officer's presence authorizes an initial stop. Armitage v. State,
637 S.W.2d 936, 939 (Tex. Crim. App. 1982).

 We overrule the point of error and affirm the trial court's judgment of conviction.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: July 8, 1992

[Do Not Publish]