NUMBER 13-02-518-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THE STATE OF TEXAS, Appellant,


v.



RONALD HERNDON, Appellee.

 


On appeal from the County Court at Law No. 4 


of Nueces County, Texas.


 


MEMORANDUM OPINION ON REMAND



Before Justices Yañez, Rodriguez, and Wittig (1)


Memorandum Opinion by Justice Yañez



 In a single issue, the State contends the trial court abused its discretion in granting
appellee, Ronald Herndon, a new trial. On remand, we affirm the trial court's judgment.

Procedural Background 


 A jury found appellee guilty of driving while intoxicated ("DWI"). On September 17,
2002, the trial court granted appellee's motion for new trial on the ground that the court
reporter failed to record a bench conference. The State appealed. A panel of this Court
held the trial court abused its discretion in granting appellee a new trial because appellee
did not object during trial to the court reporter's failure to record a bench conference and
therefore, did not preserve error. (2) 

 On appellee's petition for discretionary review, the Texas Court of Criminal Appeals
held appellee was not required to preserve error for purposes of appeal in order for the trial
court to consider his motion for new trial. (3) Accordingly, the court of criminal appeals
reversed our judgment and remanded to us "to consider the State's claims concerning the
merits of the motion for new trial and whether any error affected [appellee's] substantial
rights." (4)

Standard of Review
 

 In Herndon, the court of criminal appeals restated the standard of review:

Historically, we have consistently held that a trial judge has the authority to
grant a new trial "in the interest of justice" and that his decision to grant or
deny a defendant's motion for new trial is reviewed only for an abuse of
discretion. That discretion is not, however, unbounded or unfettered. A trial
judge has discretion to grant or deny a motion for new trial "in the interest of
justice," but "justice" means in accordance with the law. (5)


"Even errors that would not inevitably require reversal on appeal may form the basis for the
grant of a new trial, if the trial judge concludes that the proceeding has resulted in "a
miscarriage of justice." (6) A trial court abuses its discretion if it grants a new trial "for a non-legal or legally invalid reason." (7) The test for abuse of discretion

"is not whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court's action; rather, it is a question of whether
the trial court acted without reference to any guiding rules or principles, and
the mere fact that a trial court may decide a matter within its discretionary
authority differently than an appellate court does not demonstrate such an
abuse." (8)


We affirm the trial court's action if it is correct on any theory of law applicable to the case
and supported by the record. (9)

Analysis 


 In his motion for new trial, appellee argued he was entitled to a new trial "in the
interest of justice" because (1) the prosecutor impermissibly commented on his failure to
testify, and (2) the bench conference regarding the prosecutor's allegedly improper
comments was not recorded. 

 In Herndon, the court of criminal appeals stated:

[A] trial court would not generally abuse its discretion in granting a motion for
new trial if the defendant: (1) articulated a valid legal claim in his motion for
new trial; (2) produced evidence or pointed to evidence in the trial record that
substantiated his legal claim; and (3) showed prejudice to his substantial
rights under the standards in Rule 44.2 of the Texas Rules of Appellate
Procedure. The defendant need not establish reversible error as a matter of
law before the trial court may exercise its discretion in granting a motion for
new trial. On the other hand, trial courts do not have the discretion to grant
a new trial unless the defendant demonstrates that his first trial was seriously
flawed and that the flaws adversely affected his substantial rights to a fair
trial. (10) 


 Here, appellee claims that in closing argument, the prosecutor impermissibly
commented on his failure to testify. At trial, the only witnesses were the two officers who
arrested appellee. During closing argument, the prosecutor argued:

[Prosecutor]: Also, keep in mind the Defendant admitted to the officer
to drinking that night. He admitted that he had been
drinking alcohol. And this Defendant didn't present any
evidence of who he was drinking with, he didn't-- he
didn't bring any other witness forward to testify how
many drinks he had that night or, you know, what he
was doing that night, how long ago--

 

[Defense counsel]: Your Honor, I'm going to object, comment on the
Defendant's failure to testify.


[Unrecorded bench conference]


Prosecutor: Your Honor, I'm talking about another witness. He
didn't present another witness to his whereabouts that
evening.


[Defense counsel]: I'd ask the jury be instructed to disregard.


[Court]: The jury is instructed not to regard the failure of the
Defendant to testify as it was instructed in the Charge. 


 At the hearing on appellee's motion for new trial, the following discussion occurred:

[Prosecutor]: Just because the Defendant argues a Bench trial or a
Bench conference was not recorded, which I argue it
was an audio recording, he still has to prove that that
error affected a substantial right and a Constitution-- it
was a Constitutional error, first of all, and it affected a
substantial right of that Defendant. 


. . . .


[Defense counsel]: . . . If there's some other source of the evidence, then
certainly you can make that--you can make that
conclusion, but when it points--there's no other way to
interpret it when [the prosecutor] says, ". . . and this
Defendant didn't . . . " or in the case where [the
prosecutor] says, "This Defendant has refused to
acknowledge he was intoxicated," that's not talking
about information that would come from anybody else
other than my client, Judge.

 

[Prosecutor]: Your Honor-- 


[Defense counsel]: It can only come from my client. There's no evidence
that anybody else was with him. There's no evidence
that anybody else could have come in here and
testified--let me see here--who he was drinking with,
how many drinks he had, what he was doing. If [the
prosecutor] had some evidence that when [appellee]
was stopped he had three people in the car, then [the
prosecutor] can make those arguments and then I run
afoul of the Patrick case; that he was alone in the car. 
There's no other evidence in the record that he was with
anyone, and [the prosecutor] can't make the argument.


. . . .

 But it's my position, Your Honor, if you looked at the--
if you look at what [the prosecutor] said and you look at
these cases and if you look at the fact that the Bench
conference that we had was clearly of Constitutional
dimension because we walked up to the Bench,
Judge-- when I said, "Your Honor, I'm going to object,
comment on Defendant's failure to testify. [And the
court responds]: Come forward please." What is that? 
That's Fifth Amendment, that's Constitutional
amendment-- Constitutional dimension, and that's
Constitutional error as she said is one of the two
analyses. . . . And, Judge, I think that in fairness to my
client and in the interest of justice[,] the appropriate
thing for the Court to do in this situation given the
egregious comments and the fact we don't have a
record concerning the Bench conference that
addressed specifically that issue, that a new trial would
be appropriate. 


 In Patrick v. State, the court of criminal appeals set out the standard for determining 
when a prosecutor's statements constitute an improper comment on the defendant's failure
to testify:

To violate appellant's constitutional and statutory rights, the language,
viewed from the jury perspective, "must be manifestly intended or of such a
character that the jury would necessarily and naturally take it as a comment
on the accused's failure to testify." A mere indirect or implied allusion to the
accused's failure to testify does not violate appellant's rights. A remark that
calls attention to the absence of evidence which only the defendant could
supply will result in reversal; however, if the language can reasonably be
construed to refer to appellant's failure to produce evidence other than his
own testimony, the comment is not improper. (11) 


 In Pringle v. State, in circumstances similar to the present case, the Dallas Court of
Appeals found a prosecutor's comments improper, but concluded that the error was
harmless beyond a reasonable doubt:

A prosecuting attorney may comment in his final jury argument on the failure
of the defendant to call material competent witnesses, when it is shown that
such witnesses were available to testify on behalf of a defendant but were
not called by the defendant to testify. In this case, there was no evidence
before the jury to indicate the existence of any other witness who could
testify to appellant's actions other than those witnesses called to trial and the
appellant himself. Since there is no showing that any other person besides
appellant could have testified in his behalf, the prosecutor's argument is
objectionable. (12) 


 The record before us does not reflect whether the trial court conducted a harm
analysis, or if it did, whether it applied the standard for constitutional error or non-constitutional error. (13) However, based on the standard in Herndon, the trial court had the
discretion to grant appellee a new trial if it was persuaded that (1) appellee's first trial was
seriously flawed and (2) that the flaws adversely affected his substantial rights to a fair
trial. (14) Bearing in mind the court of criminal appeals's observation that "[a]n appellate court
should not fault a trial judge for granting a motion for new trial when the State fails to
provide an appellate record establishing an abuse of discretion," (15) we hold that the State
failed to establish that the trial court abused its discretion. Accordingly, we overrule the
State's issue and affirm the trial court's judgment. 





 LINDA REYNA YAÑEZ,

 Justice






Dissenting Memorandum Opinion on Remand

by Justice Don Wittig


Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion on Remand delivered 

and filed this the 7th day of February, 2008.

 
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to section 74.003 of the Texas Government Code. See Tex. Gov't Code Ann. § 74.003 (Vernon
2005). 
2. State v. Herndon, 115 S.W.3d 231, 234-35 (Tex. App.-Corpus Christi 2003), rev'd and remanded,
215 S.W.3d 901, 911 (Tex. Crim. App. 2004). The court of criminal appeals has set forth the facts of the case
in detail, see Herndon, 215 S.W.3d at 903-07, and it is therefore unnecessary to repeat them here. See Tex.
R. App. P. 47.1. 
3. Herndon, 215 S.W.3d at 910. 
4. Id. at 904. 
5. Id. at 906-07.
6. Id. at 907. 
7. Id. 
8. Id. at 907-08 (quoting Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005) (quoting Brown
v. State, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994))). 
9. State v. Read, 965 S.W.2d 74, 77 (Tex. App.-Austin 1998, no pet.). 
10. Herndon, 215 S.W.3d at 909 (emphasis added). 
11. Patrick v. State, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995) (emphasis added).
12. Pringle v. State, 732 S.W.2d 363, 369 (Tex. App.-Dallas 1987, pet. ref'd) (internal citations
omitted). In Pringle, also a DWI case, the prosecutor's argument was:


If the defense had wanted to bring you any other witnesses, they would have. They have
equal subpoena power. They could have gone out, filled out an application for a subpoena,
served that subpoena on whoever [sic] witness they wanted to bring into court, and that
witness would have testified. You would have heard from him, but you didn't hear from any
other witnesses.


Id. 
13. The standard for constitutional error is:


If the appellate record in a criminal case reveals constitutional error that is subject to
harmless error review, the court of appeals must reverse a judgment of conviction or
punishment unless the court determines beyond a reasonable doubt that the error did not
contribute to the conviction or punishment. 


Tex. R. App. P. 44.2(a).


The standard for non-constitutional error is:


Any other error, defect, irregularity, or variance that does not affect substantial rights must
be disregarded.


Tex. R. App. P. 44.2(b).
14. Herndon, 215 S.W.3d at 909. 
15. State v. Gonzalez, 855 S.W.2d 692, 695-96 (Tex. Crim. App. 1993) (citing Simon v. York Crane
& Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex. 1987) ("The party that complains of abuse of discretion has
the burden to bring forth a record showing such abuse.")).