# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00305-CR
NO. 03-14-00306-CR
NO. 03-14-00307-CR
NO. 03-14-00308-CR
NO. 03-14-00309-CR
NO. 03-14-00310-CR

**Wesley Eugene Perkins, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NOS. C-1-CR-13-100065, C-1-CR-13-100066, C-1-CR-13-100067
C-1-CR-13-100068, C-1-CR-13-100069 & C-1-CR-13-100070
HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Wesley Eugene Perkins was charged by complaint with two instances each of driving with expired registration, driving with an expired inspection sticker, and failing to maintain financial responsibility. *See* Tex. Transp. Code §§ 502.040, 548.602, 601.051, 601.053(b), 601.191. Following jury trials in the municipal court, Perkins was found guilty of all six charges and was ordered to pay a total of $1,980 in fines, fees, and costs. Perkins, appearing pro se, appealed to the

county court at law, raising 33 issues.  The county court affirmed the municipal court's judgments.

Perkins then brought this appeal.[1]  We will affirm the county court's judgment.

## BACKGROUND

Perkins was stopped by a police officer in 2007.  The officer wrote Perkins a ticket for the offenses of driving with expired registration, driving with an expired inspection sticker, and failing to maintain financial responsibility.  In January 2013, a police officer stopped Perkins's wife for speeding.  Perkins's wife called Perkins, who then drove to meet her and the officer.  Because he had an outstanding warrant, the officer took Perkins into custody and also wrote him a ticket for the offenses of driving with expired registration, driving with an expired inspection sticker, and failing to maintain financial responsibility.  Perkins was charged by complaint with all six offenses.

A jury trial was held in May 2013 for the 2007 offenses.  The jury found Perkins guilty of each charged offense.  A second jury trial was held in June 2013 for the 2013 offenses. The second jury found Perkins guilty of each charged offense.  Perkins appealed all six cases to the county court at law, which affirmed the municipal court's judgments.  In its judgment, the county court at law summarized Perkins's appeal as follows:

> Appellant has filed a 94 page brief with a 74 page appendix.  He raises 33 points of error.  He challenges jurisdiction, evidence, application of the law to him, double jeopardy, disqualification of the trial judge, special appearances, standing, notice, etc. Many of his points of error are unintelligible.  He writes in a peculiar argot with his own vocabulary.  This Court will address the few points of error that are intelligible

---

[1]  In this appeal from the county court's judgment on appeal from a municipal court's order, the record and briefs on appeal in the county court constitute the record and briefs to this Court.  *See* Tex. Gov't Code § 30.00027(b)(1).

and will deem the other points of error waived by failure to brief in an understandable form.

The county court concluded that none of Perkins's points of error had any basis and overruled all of them. Perkins raises 33 issues in this appeal.[2] As did the county court, we will address the comprehensible legal arguments contained in Perkins's brief.

## Defendant's Plea

In his first issue, Perkins contends that the judgments of guilt for each of the charged offenses signed by the municipal court after the jury found him guilty of each charge incorrectly recite that Perkins pleaded "not guilty." At both trials, Perkins refused to enter a plea and instead stated that he was "unable to plead at this time," and had "a standing objection on file and cannot plead at this time." The judge presiding over each of the trials then entered a plea of not guilty on his behalf as required by law. *See* Tex. Code Crim. Proc. art. 26.12 (if defendant refuses to answer when asked how he pleads to offense charged, plea of guilty shall be entered in minutes of court). While Perkins did not actually say the words "not guilty," the effect of his refusal to answer was that he entered a plea of not guilty. We overrule Perkins's first issue.

## Double Jeopardy

In his second issue, Perkins argues that his double-jeopardy rights were violated when he was convicted of both the offense of driving with an expired registration and driving with

---

[2] Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *Id.*

an expired inspection. According to Perkins, he was tried and punished twice on the same offense "under different labels." The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). "There are two variations of a multiple-punishments claim: (1) where there are both a greater and a lesser-included offense and the same conduct is punished twice—once for the basic conduct and a second time for that conduct plus more; and (2) where the same criminal act is punished under two distinct statutes and the legislature intended the conduct to be punished only once—such as causing a single death and being charged with both intoxication manslaughter and involuntary manslaughter." *Ex parte Denton*, 399 S.W.3d 540, 545 (Tex Crim. App. 2013) (citing *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006)). Perkins maintains that the second variation occurred in the present case because the language of the jury charge is "practically identical" for the offenses of driving with an expired registration and driving with an expired inspection.

To determine whether there have been multiple punishments for the same offense, we apply the "same elements" test from *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* The offense of driving with an expired registration and the offense of driving with an expired inspection plainly have

4

different elements. One requires that the registration has expired while the other requires that the inspection sticker has expired. These are two separate offenses. Perkins's double-jeopardy rights were not violated when he was adjudicated guilty of both offenses. We overrule Perkins's second appellate issue.

***Definition of "Transportation" and Other Terms Used in the Statute***

In his third issue, Perkins argues that he was not engaged in an activity constituting his definition of "transportation" and, consequently, could not have been in violation of any provisions of the Texas Transportation Code. He maintains that, for this reason, the municipal court did not have subject-matter jurisdiction over the cases. Specifically, Perkins asserts that "the State acted from the outset *knowing* that there was no 'transportation' at issue," and yet the trial court refused to dismiss and instead rendered judgment against Perkins. According to Perkins, in order for his activity to constitute "transportation" it must be done "for profit or hire." Perkins further asserts that, because the statute he was charged with violating is called the Texas *Transportation* Code, it applies only to activities involving commercial activity and thus does not extend to individuals operating their cars not for profit or hire.

The definition of "transportation" is, however, irrelevant to the offenses for which Perkins was charged. He was charged with operating a motor vehicle on a public roadway with expired registration, operating a motor vehicle on a public roadway with an expired inspection certificate, and failing to maintain financial responsibility. *See* Tex. Transp. Code §§ 502.040, 548.602, 601.051. Moreover, *Lozman v. City of Riviera Beach, Florida*, the case Perkins relies on to formulate his definition of "transportation" as involving only activities conducted "for profit or

5

hire," does not support his position. *See Lozman v. City of Riviera Beach, Fla.*, 133 S.Ct. 735, 739 (2013) (concluding that floating home, which was not self-propelled, was not capable of being "used as a means of transportation on water" and thus did not meet definition of "vessel" in Rules of Construction Act, 1 U.S.C. § 3). The *Lozman* court did not, as Perkins argues, define "transportation" as "depending on for profit or hire." In fact those words appear nowhere in the opinion. The Court did look to whether the vessel was capable of moving people or cargo, but did not also require that the movement be "for profit or hire." *See id.* at 746 ("And when it moved, it carried, not passengers or cargo, but at the very most [] only its own furnishings, its owners' personal effects, and personnel present to assure the home's safety."). Even if the Supreme Court's analysis of whether a floating house is a "vessel" had any bearing on the scope of the Texas Transportation Code, which we do not believe to be the case, *Lozman* in no way compels the conclusion that "transportation" is limited to moving people or things "for profit or hire." We overrule the third issue.

In his fourth, fifth, sixth, and seventh issues, Perkins asserts that because he was not engaged in "transportation"—i.e. an activity conducted for profit or hire—as required to be subject to the provisions of the Texas Transportation Code, there also was no "vehicle" or "motor vehicle" involved and he was not "driving" or "operating" a vehicle or motor vehicle as required to commit the offense of operating a motor vehicle with an expired registration and inspection. Having rejected Perkins's definition of "transportation," we overrule these four issues.

Perkins's eighth appellate issue states no comprehensible legal argument that could support reversing the municipal court's judgments for the charged offenses. In this issue Perkins makes reference to a "'funny money' scam" that is allowed to continue because "this

6

state" is actually a "Constitution-free, maritime, commercial zone," and thus the Law of the Sea applies. To the extent issue eight could be construed as a challenge to the county court's judgment, it is overruled.

***Denial of Perkins's Motions Challenging the Municipal Court's Subject-Matter Jurisdiction***

Before each trial, Perkins filed a document titled "Special Appearance and Plea to the Jurisdiction" in which he advanced many of the same arguments he later raised in the county court on appeal. In his ninth appellate issue, Perkins contends that the municipal court erred by denying this jurisdictional challenge. That challenge was based on the assertion that, because there was no evidence of "transportation," the municipal court lacked subject-matter jurisdiction over the criminal complaints charging him with violations of the Texas Transportation Code. Having rejected Perkins's argument regarding the scope of the Texas Transportation Code, we overrule this issue.[3]

***Denial of Perkins's Motions to Dismiss***

In his tenth and eleventh issues, Perkins asserts that it was error for the municipal court to deny his motions to dismiss the case at the close of the State's case-in-chief and again at the close of his case-in-chief. Perkins argues that, because there was no evidence of that he was engaged in commercial activity, there was no "transportation" that was governed by the Texas Transportation Code and, as a consequence, the court lacked subject-matter jurisdiction. Having rejected Perkins's arguments regarding the scope of the Texas Transportation Code, we overrule these two issues.

---

[3] We also overrule the sixteenth, seventeenth, eighteenth, twenty-eighth, twenty-ninth, and thirtieth issues, which depend on the correctness of Perkins's arguments regarding the definition of "transportation" and the scope of application of the Texas Transportation Code.

*Personal Jurisdiction*

In his twelfth issue, Perkins asserts that the municipal court lacked personal jurisdiction over him because there was "no service of anything on [him]" and because of the failure to file or serve "any Information." The record includes evidence that Perkins appeared both at pretrial conferences and at trial. The record also includes evidence that Perkins was timely provided with the complaints for each of the six charged offenses. The twelfth issue is overruled.

*Disqualification*

In his thirteenth and fourteenth issues, Perkins asserts that the deputy clerk was the complaining witness for each of the charged offenses and, as a consequence, the trial judge is actually a witness in the case and should have been disqualified.[4] The record reflects, however, that the deputy clerk affirmed that the information in the complaint was "sworn to and subscribed" by the complaining witnesses. The record does not reflect that the complaining witnesses were deputy clerks. We overrule the thirteenth and fourteenth issues.[5]

*Perkins's Objection to "Round-Robin" Handling of the Cases*

Perkins's fifteenth issue raises general and unsupported complaints about the municipal court's handling of the cases and asserts that he "doubts that the trial court ever had

---

[4] In essence, Perkins contends that the deputy clerk is an agent of the trial court and therefore the trial judge is in fact the complaining witness and therefore disqualified from presiding over the trial.

[5] We also overrule the thirty-second issue in which Perkins contends that his due process rights were violated because the deputy clerk was "the state's witness."

signature authority." Perkins fails to provide any substantive argument as to this complaint and does not include citations to the record. This complaint is therefore waived. *See* Tex. R. App. P. 38.1(i).[6]

### Notice of Complaint

In his nineteenth issue, Perkins complains that he was not given adequate notice of the complaints as required by statute and due process. Essentially, Perkins complains that he was not provided with the complaints until the day of the pre-trial conference and thus, the notice was inadequate. The record reflects that Perkins was given copies of the complaints no later than March 21, 2013, when he attended a pre-trial conference. Because he did not agree to waive the statute's one-day notice requirement, *see* Tex. Code Crim. Proc. art. 45.018(b), the municipal court reset the pre-trial conference for a date in May. Perkins complains that having the complaint for only one day before a proceeding in his trial is not meaningful notice of its contents. The record reflects, however, that Perkins was given a copy of the complaints on March 21, at least one month before the pre-trial conference, two months before the trial on the 2007 offenses, and three months before the trial on the 2013 offenses. We overrule Perkins's nineteenth issue.[7] We also overrule issues

---

[6] Issue thirty-one, in which Perkins contends the trial court violated his right to be free from unlawful seizure, is also inadequately briefed and has been waived. *See* Tex. R. App. P. 38.1(i).

[7] We also overrule the twentieth issue, which asserts that article 25.04 of the Texas Code of Criminal Procedure does not comport with due process requirements. *See* Tex. Code Crim. Proc. art. 25.04 ("In misdemeanors, it shall not be necessary before trial to furnish the accused with a copy of the indictment or information; but he or his counsel may demand a copy, which shall be given as early as possible."). Article 25.04 has no relevance to the present case. Texas Code of Criminal Procedure chapter 45, not chapter 25, establishes procedures for processing cases that come within the criminal jurisdiction of the justice and municipal courts. *See id.* art. 45.001. Additionally, we overrule the twenty-first issue, which is predicated on the incorrect premise that article 45.018 does not apply to this municipal court proceeding.

twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, and twenty-seven, which are each premised on Perkins's incorrect assertion that he did not receive adequate notice of the complaints.

### *Sufficiency of the Complaints*

In his thirty-third issue, Perkins argues that he was not timely served with the complaints and thus was forced to waive any objections he had to them in violation of his due process rights. The record reflects that Perkins was given copies of the complaints on March 21, 2013, at least a month before trial and in time to file an extensive and detailed "Special Appearance and Plea to the Jurisdiction" and "Motion for Discovery." He had sufficient opportunity to object to the complaints. Moreover, the complaints sufficiently state facts showing the commission of the offenses charged. *See Vallejo v. State*, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966) (complaint need not show the same particularity or specificity as is necessary in indictment or information). The purpose of the complaint is to apprise the accused of the facts surrounding the charged offense to permit him to prepare a defense to such charge. *Rose v. State*, 799 S.W.2d 381, 384 (Tex. App.—Dallas 1990, no pet.). A complaint valid on its face is sufficient to support a prosecution by information. *Wells v. State*, 516 S.W.2d 663, 664 (Tex. Crim. App. 1974); *Rose*, 799 S.W.2d at 384. No requirement exists that the affiant have firsthand knowledge, and the court need not inquire into the nature of the knowledge on which an affiant bases her factual statements. *Rose*, 799 S.W.2d at 384; *Pringle v. State*, 732 S.W.2d 363, 368 (Tex. App.—Dallas 1987, pet. ref'd). A complaint is not insufficient simply because the police officer writing the ticket did not personally swear to the complaint. *Rose*, 799 S.W.2d at 384. The complaints are sufficient, and Perkins had no valid objection to them. We overrule the thirty-third issue.

10

**CONCLUSION**

Having overruled each of Perkins's appellate issues, we affirm the judgment of the county court at law.[8]

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:    June 25, 2015

Do Not Publish

---

[8] The State has filed a motion to hold Perkins in contempt and assess sanctions for filing baseless and groundless pleadings in contravention of Texas Code of Criminal Procedure article 1.052(a). *See* Tex. Code Crim. Proc. art. 1.052(a) (signature of defendant constitutes certificate of belief formed after reasonable inquiry that instrument is not groundless). While Perkins's arguments are confusing, repetitive, and reflect a misreading of applicable statutes and unrelated caselaw, we cannot conclude on this record that they are in fact brought in bad faith or for harassment, unnecessary delay, or other improper purpose so as to warrant sanctions. Perkins is admonished, however, that repetition of these arguments in subsequent proceedings could lead to a different result.