**Susie McGowan McGUIRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–01455–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1993.

Larry Preston Walton, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, David Wade, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, WILSON and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant, Susie McGowan McGuire, appeals the trial court's denial of her motion to suppress evidence of her intoxication. She argues the trial court should have suppressed this evidence because it was obtained as the fruit of her unlawful arrest.

At trial, appellant pled nolo contendere to the charge of driving while intoxicated. Pursuant to a plea bargain, the trial court assessed punishment at 180 days in jail, probated for two years, and a fine of $400. We affirm.

On September 21, 1991, appellant was involved in a traffic accident in Harris County. After the collision, appellant and the driver of the other vehicle argued, and appellant left the scene. The accident and the ensuing argument were witnessed by several wrecker drivers located near the scene of the accident. The wrecker drivers followed appellant, first to her place of employment, and then to DeForest and Bammel North Houston Road. When appellant stopped her car, the wreckers encircled appellant's car, preventing it from travelling further. The wreckers did not force appellant's car off the road, nor did they attempt to prevent her from walking away. A short time later the constable arrived, and, after talking with appellant, arrested her for driving while intoxicated and for failing to stop and give information.

Appellant complains that the actions of the wreckers in detaining her constituted an unlawful arrest by private citizens and

the evidence of her intoxication should have been suppressed under TEX.CODE CRIM. P.ANN. art. 38.23(a) (Vernon Supp.1993)[1] because it was the fruit of the unlawful arrest. Appellant complains in her point of error that the trial court erred in denying her motion to suppress. Appellant does not raise any fourth amendment issues under the United States Constitution.

■  At a hearing on a motion to suppress, the trial court is the sole fact finder and may choose to believe or disbelieve any or all of the witnesses' testimony. *Johnson v. State*, 803 S.W.2d 272, 287 (Tex. Crim.App.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Because the trial court is the sole fact finder, an appellate court may not disturb any finding which is supported by the record. *Id.* A trial court's ruling on whether to admit or exclude evidence will be reversed only upon a showing that the trial court abused its discretion. *Dancy v. State*, 728 S.W.2d 772, 777 (Tex.Crim.App.), *cert. denied*, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987); *State v. Lopez*, 763 S.W.2d 939, 942–43 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

■  In determining whether the wreckers' actions constitute an "arrest," the test is whether, in view of all relevant circumstances, there has been such a display of authority that a reasonable person would believe he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980); *Daniels v. State*, 718 S.W.2d 702, 706 (Tex.Crim.App.1986). A person is arrested when he has been actually placed under restraint or taken into custody by a person arresting without a warrant. *Livingston v. State*, 739 S.W.2d 311, 327 (Tex. Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); TEX.CODE CRIM.P.ANN. art. 15.22

(Vernon 1977). An arrest is complete when a person's liberty of movement is restricted or restrained. *Hoag v. State*, 728 S.W.2d 375, 379 (Tex.Crim.App.1987).

■  We note that under the Texas Code of Criminal Procedure, a private citizen has the right to make an arrest when a crime, classified as either a felony or a breach of the peace, has been committed within his view. TEX.CODE CRIM.P.ANN. art. 14.01(a) (Vernon 1977). Direct observance of the commission of the crime has been interpreted as requiring the private citizen to observe enough of the situation to establish probable cause a crime is being committed. *Garner v. State*, 779 S.W.2d 498, 501 (Tex. App.—Fort Worth 1989), *pet. ref'd per curiam*, 785 S.W.2d 158 (Tex.Crim.App.1990). Driving while intoxicated and failing to stop and give information are offenses against the public peace. *Yates v. State*, 679 S.W.2d 534, 537 (Tex.App.—Tyler 1984, pet. ref'd); *Crowley v. State*, 842 S.W.2d 701, 703–704 (Tex.App.—Houston [1st Dist.]), *pet. ref'd per curiam*, 830 S.W.2d 613 (Tex.Crim.App.1992).

■  Based upon the testimony of the wrecker drivers, who observed the accident and appellant's departure from the scene, we find the trial court did not abuse its discretion in denying the motion to suppress, because the private citizens had probable cause to believe an offense against the public peace had been committed.

We overrule appellant's point of error.

We affirm judgment of the trial court.

---

1. Article 38.23(a) of the Texas Code of Criminal Procedure, in pertinent part, reads as follows: No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.