TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00389-CR







Mileah Gill Jordan, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 504044, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







 Mileah Gill Jordan was charged with a Class B misdemeanor offense of driving
while intoxicated ("DWI"). (1) She filed a motion to suppress evidence, which was denied. 
Pursuant to a plea bargain agreement, Jordan pleaded nolo contendere and was convicted on her
negotiated plea. The court, in accordance with the terms of the plea agreement, assessed
punishment at 180 days in jail and a $2000 fine but suspended imposition of this sentence and
placed her on community supervision for two years. Jordan contends that the trial court erred in
denying her motion to suppress because she was arrested without a warrant or probable cause. 
We will affirm the judgment.






BACKGROUND

 At approximately 4:30 p.m. on May 28, 1998, Austin Police Department Officer
Gary Shaw received a call dispatching him to the scene of a two-car automobile accident in the
100 block of West Annie Street in Austin. When Shaw arrived, he found appellant and two
witnesses waiting in a parking lot near the intersection of West Annie and Congress Avenue. The
two cars had sustained minor damage and no one was injured. One of the witnesses told the
officer that he had been traveling eastbound on Annie Street near Congress Avenue when Jordan
struck his car from the rear. The witnesses and Jordan proceeded across Congress and pulled into
the parking lot. 

 After speaking to the witnesses, the officer approached Jordan. He asked her
whether she had been drinking. Jordan responded that she had consumed a couple of beers that
afternoon. The officer did not smell alcohol on her breath. The officer then asked her whether
she had taken any drugs. Jordan responded that she had taken Benedryl and Sudafed as well as
Soma, a muscle relaxant. Shaw observed that Jordan's speech was slurred and she mumbled when
she spoke. She was unable to maintain her balance and she swayed while standing. She walked
with difficulty and stumbled as she walked. As she leaned over to tie her shoe, she almost fell
onto the pavement. Based on these signs and symptoms, Shaw suspected that Jordan was under
the influence of alcohol or drugs, so he conducted field sobriety tests. Officer Shaw tied Jordan's
shoe so that she could perform the tests, which she failed. 

 After Jordan failed the field tests, Officer Shaw placed her under arrest and
transported her to the police station where she was videotaped. An intoxilyzer test administered
to appellant reflected no alcohol in her system. Appellant also consented to a blood test, but law
enforcement personnel were unable to draw blood from her.

 Jordan filed a pre-trial motion to suppress all evidence obtained as a result of the
arrest. She sought suppression of her statements made to Officer Shaw as well as the statements
made by the two witnesses, the results of breath and blood tests, the videotape made at the station, 
and the officer's observations. Officer Shaw was the sole witness to testify at the hearing. The
trial judge ruled that she was "not going to suppress the stop," but that she would grant the
motion to suppress Jordan's statements about "the drinking and the drugs."


Standard of Review

 In reviewing a motion to suppress for lack of probable cause, we look to the
standard articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Although
we give "almost total deference to a trial court's determination of the historical facts," we review
de novo a determination of probable cause. Id. at 90; see also Ornelas v. United States, 517 U.S.
690, 697 (1996).

 Because the trial court did not make explicit findings of historical fact, we review
the evidence in the light most favorable to the trial court's ruling. See Carmouche v. State, No.
0614-99, slip op. at 5 (Tex. Crim. App. Jan. 26, 2000); State v. Ballard, 987 S.W.2d 889, 891
(Tex. Crim. App. 1999). Thus, we will assume that the trial court made "implicit findings of fact
supported in the record that buttress its conclusion." Carmouche, slip op. at 5. Because the trial
court did not specify its reason for the denial of the motion to suppress, its ruling will be upheld
if it is correct under any applicable theory of law. See Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). 


DISCUSSION

 As her first issue, Jordan contends that she was illegally detained by the two
witnesses who lacked probable cause to arrest her. She further contends that the record fails to
demonstrate that any offense was committed in their presence. As a consequence, any evidence
obtained as a result of the arrest by the civilians constitutes "fruit of the poisonous tree" and must
be suppressed. The State asserts that Jordan was merely detained by the witnesses and that she
was not arrested until she failed the field sobriety tests conducted by Officer Shaw. At that point,
the State further contends, the officer had probable cause either to arrest her or to transport her
to the station house. In the alternative, the State contends that the civilian arrest was lawful
because it was based on probable cause that appellant committed a breach of peace in the presence
of the witnesses.

 We turn first to the threshold question of whether Jordan was actually arrested by
the two witnesses at the scene of the collision. At the pre-trial hearing, defense counsel elicited
the following testimony:


DEFENSE COUNSEL: In fact, Mileah Jordan had been physically detained by
[the two witnesses], is that correct?

 

OFFICER SHAW: That was the information provided me by those two
individuals, yes.


DEFENSE COUNSEL: Before your arrival, they had physically prevented her
from leaving that location while they held her for your arrival, is that correct?


OFFICER SHAW: That's correct.

 

* * * *


 

DEFENSE COUNSEL: She was basically in their custody when you arrived, is
that correct?

 

OFFICER SHAW: She was present at the scene when I arrived.



The officer later testified that one of the witnesses stated that "Jordan was the driver of the car,
that they had made her stop and wait for the police." From this testimony, appellant asks us to
conclude as a matter of law that she was arrested by the two witnesses. 

 A citizen other than a police officer may make a warrantless arrest of an individual
for a misdemeanor offense when the individual commits a breach of the peace. (2) See Tex. Code
Crim. Proc. Ann. art. 14.01(a) (West 1977). A person is under arrest "when he has been actually
placed under restraint or taken into custody by an officer or person executing a warrant of arrest,
or by an officer or person arresting without a warrant." Id. art. 15.22. A person is in custody
when her freedom of movement has been curtailed to the degree associated with a formal arrest
as opposed to an investigative detention; the determination is "based entirely upon objective
circumstances." Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing
Stansbury v. California, 511 U.S. 318, 322-23 (1994)). 

 Although the record in the present case is meager, it establishes that, after colliding
into the rear of the witnesses' car, the appellant drove to a nearby parking lot. The record does
not reveal that the two witnesses employed any force or coercion at any time. Although defense
counsel elicited acknowledgments by the officer to his questions, the record is silent on the
manner of the alleged detention or its duration. Nor have we been cited to any case in which
detention of a DWI suspect at the scene of a collision until the arrival of police has been held to
be an illegal arrest. Recognizing confusion among courts in the definition of "arrest," however,
the Texas Court of Criminal Appeals recently addressed its meaning in the context of the offense
of escape. See Medford v. State, No. 521-99, slip op. at 4-7 (Tex. Crim. App. Feb. 23, 2000);
see also Tex. Penal Code Ann. § 38.06 (West Supp. 2000). 

 In Medford, a police officer approached the defendant, who matched the description
of the suspect in an arrest warrant, to conduct an investigatory detention. See Medford, slip op.
at 2. During a search of Medford's pants pocket, the officer discovered a matchbox containing
a substance that appeared to be "crack" cocaine. See id. The officer told Medford that he was
under arrest. As the officer attempted to place Medford in handcuffs, Medford broke free of the
officer's grip and fled. He was captured, indicted, and found guilty of possession of cocaine and
escape. 

 Noting that the word arrest is a "technical term possessing a long, established
history in the common law," id. at 4, the court concluded that, for purposes of the escape statute,
"[t]he obvious conclusion we draw is that neither jurors nor reviewing courts can rely solely on
Article 15.22's definition of arrest," but that it could provide guidance to the meaning of the word
in other contexts. Id. at 5. Focusing on the "fact finder's application of the reasonable person
standard," the court found an arrest complete "when a person's liberty of movement is
successfully restricted or restrained, whether this is achieved by an officer's physical force or the
suspect's submission to the officer's authority," and further, only if "a reasonable person in the
suspect's position would have understood the situation to constitute a restraint on freedom of
movement of the degree which the law associates with formal arrest." Id. at 7 (citing United
States v. Corral-Franco, 848 F.2d 536, 540 (5th Cir. 1988)). 

 Reviewing the evidence in the light most favorable to the trial court's ruling as we
are constrained to do, the evidence does not support appellant's contention that she was arrested
by the two witnesses. Other than the conclusory testimony of the officer who was not present
immediately after the collision, appellant failed to demonstrate that she was restrained in any
manner. Once the accident occurred, Jordan and the two witnesses were obligated to stop and
give information or render aid if necessary. See Tex. Transp. Code Ann. §§ 550.022-.023 (West
1999). At most, the evidence establishes that appellant was persuaded in some unspecified manner
by the witnesses to wait until the police could arrive on the scene. (3) Appellant has failed to adduce
any facts indicating that the encounter had escalated to an arrest. Cf. State v. Stevenson, 958
S.W.2d 824, 829 (Tex. Crim. App. 1997). The trial court reasonably could have found that the
detention did not constitute an arrest. Applying the objective test of Medford, we conclude that
the trial court did not err in upholding the "stop."

 As her second issue, Jordan contends that the trial court erred in overruling her
motion to suppress because the evidence at the hearing failed to establish that Officer Shaw had
probable cause to arrest her. Because (i) the trial court suppressed Jordan's statements to the
officer, (ii) her blood-alcohol test did not reveal her to be intoxicated, and (iii) the officer did not
have personal knowledge that Jordan was driving and that she had collided with the other vehicle,
Jordan contends that the officer's observations of her condition were insufficient to establish
probable cause. 

 Relying on McVickers v. State, 874 S.W.2d 662 (Tex. Crim. App. 1993), appellant
argues that the officer cannot testify to information provided to him by the two witnesses because
it is impermissible hearsay. We disagree. An officer may rely upon and testify to information
provided to him by others. The existence of probable cause is determined from the totality of the
facts and circumstances of each case. See Torres v. State, 868 S.W.2d 798, 801 (Tex. Crim.
App. 1993). An officer may rely in part on information supplied by others, including lay
witnesses, in forming probable cause to believe that an offense has been committed in his presence
or view. See Astran v. State, 799 S.W.2d 751, 764 (Tex. Crim. App. 1990). The testimony by
the officer is admissible because it establishes why he took the actions he did. McVickers
specifically concluded that statements that led an officer to find that there was probable cause to
arrest a suspect are not hearsay and are admissible in suppression hearings. See McVickers, 874
S.W.2d at 666. Thus, Officer Shaw's testimony as to the statements made by the two witnesses
to him was admissible in assessing probable cause to arrest.

 Even without Jordan's admission of drug and alcohol use, (4) which the court held
to be inadmissible, Shaw had probable cause to arrest Jordan. Her speech was mumbled and
slurred. She had difficulty walking and could barely stand. She could not even tie her own
shoelace or perform sobriety field tests. She had collided with another car. The court of criminal
appeals has held that the fact that an accused has been involved in a car accident is sufficient
probable cause to believe that she poses a danger to herself or others. See Carrasco, 712 S.W.2d
at 122. (5) We hold that Shaw had probable cause to arrest Jordan.


CONCLUSION 

 Reviewing the evidence in the light most favorable to the trial court's ruling, we
conclude that the trial court did not err in denying appellant's motion to suppress. We affirm
the judgment of the trial court. 


 

 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 9, 2000

Do Not Publish
1. Tex. Penal Code Ann. § 49.04 (West Supp. 2000).
2. Driving while intoxicated is a breach of peace which allows a citizen other than a police
officer to make an arrest without a warrant. See Romo v. State, 577 S.W.2d 251, 253 (Tex. Crim.
App. 1979); Heck v. State, 507 S.W.2d 737, 740 (Tex. Crim. App. 1974); Trent v. State, 925
S.W.2d 130, 133 (Tex. App.--Waco 1996, no pet.); McGuire v. State, 847 S.W.2d 684, 696 (Tex.
App.--Houston [1st Dist.] 1993, no pet.); Pringle v. State, 732 S.W.2d 363, 368 (Tex.
App.--Dallas 1987, pet. ref'd).
3. See Woods v. State, 970 S.W.2d 770, 773 (Tex. App.--Austin 1998, pet. ref'd)
(temporary detention by a private individual does not violate either the Fourth Amendment or
article I, section 9 of the Texas Constitution). 
4. The State did not challenge on appeal the suppression of appellant's statements but urged
in oral argument that we should address the issue as unassigned error and find that the suppressed
statements are admissible. While a court of appeals may, in its discretion, address unbriefed
errors, see Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990), we decline to do so
here. Because the court suppressed appellant's statements to the officer, appellant argues that the
court must have concluded that the witnesses accomplished a citizen's arrest and that appellant was
"in custody" when the officer arrived on the scene. The State contends that the hearing occurred
prior to this Court's ruling in State v. Waldrop and that the court was simply mistaken in
suppressing the statement and that the defendant was not in custody. In Waldrop, we held that a
person stopped for a traffic offense is not in custody and her volunteered statements are not the
product of custodial interrogation. See State v. Waldrop, 7 S.W.3d 836, 839-40 (Tex.
App.--Austin 1999, no pet.) (citing Berkemer v. McCarty, 468 U.S. 420, 442 (1984)). Because
neither argument is essential to our holding here, we decline to draw either conclusion from the
meager record before us. In denying Jordan's motion to suppress the "stop," we conclude only
that the trial court found she was not unlawfully arrested by the civilians. See State v. Ballard,
987 S.W.2d 889, 892-93 (Tex. Crim. App. 1999). 
5. A person commits the offense of public intoxication if she appears in a public place
while intoxicated to the degree that she may endanger herself or another. See Tex. Penal Code
Ann. § 49.02(a) (West Supp. 2000). A warrantless arrest under the circumstances shown here
is not invalid merely because the arresting officer did not see the defendant driving a car, because
the defendant may still be subject to a public intoxication charge. See Warrick v. State, 634
S.W.2d 707, 709 (Tex. Crim. App. 1982). The arrest can be upheld if sufficient probable cause
to arrest for the offense of public intoxication exists. See Carrasco v. State, 712 S.W.2d 120, 122
(Tex. Crim. App. 1986) (officer observed symptoms of intoxication in driver in one-car accident);
Romo v. State, 577 S.W.2d 251, 253 (Tex. Crim. App. 1979); Peddicord v. State, 942 S.W.2d
100, 109 (Tex. App.--Amarillo 1997, no pet.); Reynolds v. State, 902 S.W.2d 558, 559-60 (Tex.
App.--Houston [1st Dist.] 1995, pet. ref'd); Segura v. State, 826 S.W.2d 178, 185 (Tex.
App.--Dallas 1992, pet. ref'd).



use to believe that she poses a danger to herself or others. See Carrasco, 712 S.W.2d
at 122. (5) We hold that Shaw had probable cause to arrest Jordan.


CONCLUSION 

 Reviewing the evidence in the light most favorable to the trial court's ruling, we
conclude that the trial court did not err in denying appellant's motion to suppress. We affirm
the judgment of the trial court. 


 

 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 9, 2000

Do Not Publish
1. Tex. Penal Code Ann. § 49.04 (West Supp. 2000).
2. Driving while intoxicated is a breach of peace which allows a citizen other than a police
officer to make an arrest without a warrant. See Romo v. State, 577 S.W.2d 251, 253 (Tex. Crim.
App. 1979); Heck v. State, 507 S.W.2d 737, 740 (Tex. Crim. App. 1974); Trent v. State, 925
S.W.2d 130, 133 (Tex. App.--Waco 1996, no pet.); McGuire v. State, 847 S.W.2d 684, 696 (Tex.
App.--Houston [1st Dist.] 1993, no pet.); Pringle v. State, 732 S.W.2d 363, 368 (Tex.
App.--Dallas 1987, pet. ref'd).
3. See Woods v. State, 970 S.W.2d 770, 773 (Tex. App.--Austin 1998, pet. ref'd)
(temporary detention by a private individual does not violate either the Fourth Amendment or
article I, section 9 of the Texas Constitution). 
4. The State did not challenge on appeal the suppression of appellant's statements but urged
in oral argument that we should address the issue as unassigned error and find that the suppressed
statements are admissible. While a court of appeals may, in its discretion, address unbriefed
errors, see Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990), we decline to do so
here. Because the court suppressed appellant's statements to the officer, appellant argues that the
court must have concluded that the witnesses ac