Affirmed and Memorandum Opinion filed October 12, 2004









Affirmed and Memorandum Opinion filed October 12,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00436-CV

____________

 

MICHELLE
BACKMAN, Appellant

 

V.

 

J.C.
PENNEY CO., INC. AND DENISE GENTRY, Appellees



 



 

On Appeal from the 149th District Court

Brazoria County, Texas

Trial Court Cause No. 9939*RM99



 



 

M E M O R A N D U M   O P I N I O N

This is a dispute between a
customer and a department store and store manager concerning the customer=s
detention and subsequent arrest and prosecution for allegedly assaulting the
store manager when the customer attempted to exchange items at the store.  We conclude the trial court did not err in
granting summary judgment in favor of the department store and its
manager.  Accordingly, we affirm the
trial court=s judgment. 








I. 
Factual and Procedural Background

Appellant/plaintiff
Michelle Backman, a former employee of appellee/defendant J.C. Penney, Co.,
Inc., entered the J.C. Penney store in Lake Jackson, Texas, to exchange four
items of clothing, two of which had the store=s ink
tags on them.  Appellee/defendant Denise
Gentry, a store manager, approached Backman about the items and requested to
see a receipt. According to Backman=s
deposition, Backman had the receipt for the two items not marked with the ink
tags, but she did not show the receipt to Gentry even though Gentry inquired
into the whereabouts of the receipt three times.  When Backman did not show Gentry the receipt,
Gentry took the clothing and walked away. 
Backman admits to grabbing around Gentry=s body in
an attempt to retrieve the clothing. 
According to Gentry=s
deposition, Gentry then fell into a rack of clothes and her glasses fell
off.  Gentry stated that she felt an arm
on her neck area; Backman agreed in her deposition that she may have had her
arm around Gentry=s neck,
but did not touch her neck.  Jonathan
Burger, a loss prevention officer at the store, observed the altercation
between Backman and Gentry, and he separated the two women.  Burger handcuffed Backman and took her to a
back room.  The Lake Jackson police
arrived and took Backman to the police station. 
She was charged with Class C misdemeanor assault and was eventually
found not guilty.

Backman filed suit against J.C.
Penney and Gentry alleging false imprisonment, false arrest, malicious
prosecution, and intentional infliction of emotional distress.  Backman further alleged that she was entitled
to exemplary damages as a result of their conduct.  J.C. Penney and Gentry filed a motion for
summary judgment, contending that, as a matter of law, (1) J.C. Penney and
Gentry acted with authority of law; (2) J.C. Penney and Gentry possessed
probable cause when charges were filed against Backman for allegedly assaulting
Gentry; (3) J.C. Penney and Gentry did not act with malice; (4) J.C. Penney and
Gentry did not act intentionally or recklessly, engage in extreme and
outrageous conduct, or cause Backman severe emotional distress; and (5) Backman
is not entitled to exemplary damages. 
The trial court granted summary judgment without specifying the grounds.








II.  Standard of Review

In reviewing a traditional motion
for summary judgment, we take as true all evidence favorable to the non-movant,
and we make all reasonable inferences in the non-movant=s
favor.  Dolcefino v. Randolph, 19
S.W.3d 906, 916 (Tex.
App.CHouston [14th Dist.] 2000,
pet. denied).  If the movant=s motion and summary-judgment evidence facially establish its right to
judgment as a matter of law, the burden shifts to the non-movant to raise a
genuine, material fact issue sufficient to defeat summary judgment.  Id. 
Because the trial court did not specify the grounds for its ruling, we
will affirm if any of the grounds advanced in the motion has merit.  See Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989).

III.  Issues Presented

Backman presents the
following issues for review:

(1)       Did the trial court err in
granting summary judgment because J.C. Penney and Gentry did not show as a
matter of law that they had authority of law to detain Backman?

(2)       Did the trial court err in
granting summary judgment because there is a genuine issue of material fact as
to whether J.C. Penney and Gentry had probable cause to criminally prosecute
Backman?

(3)       Did the trial court err in
granting summary judgment in favor of J.C. Penney and Gentry on Backman=s claim for intentional
infliction of emotional distress?

(4)       Did the trial court err in
granting summary judgment in favor of J.C. Penney and Gentry on Backman=s claim for exemplary
damages? 

 

IV.  Analysis and Discussion

A.        Malicious
Prosecution 

In her second issue,
Backman claims a genuine issue of material fact exists as to whether J.C.
Penney and Gentry had probable cause to criminally prosecute Backman and
whether they acted with malice when they did so.








In a malicious criminal
prosecution claim, a plaintiff must establish the following elements: 

(1)       the commencement of a
criminal prosecution against the plaintiff; 

(2)       causation (initiation or
procurement) of the action by the defendant;

(3)       termination of the
prosecution in the plaintiff's favor; 

(4)       the plaintiff=s innocence; 

(5)       the absence of probable
cause for the proceedings; 

(6)       malice in filing the
charge; and 

(7)       damage to the plaintiff.

Richey v. Brookshire
Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997).  At issue in this case are the fifth and sixth
elements.

1.         Probable Cause

Probable cause is Athe existence of
such facts and circumstances as would excite belief in a reasonable mind,
acting on the facts within the knowledge of the . . . [complainant], that the
person charged was guilty of the crime for which he was prosecuted.@  Id. 
In other words, the inquiry in this case is, AWould a reasonable
person believe that an assault had been committed given the facts as Gentry
reasonably believed them to be before the criminal proceedings were instituted?@  See id.  In a malicious-prosecution case, a defendant
is given the initial presumption that she acted reasonably and in good faith in
initiating a criminal complaint.  Id.  However, this presumption is rebutted when
the plaintiff Aproduces evidence
that the motives, grounds, beliefs and other evidence upon which the defendant
acted did not constitute probable cause.@  Id. at 518.  Once the presumption is rebutted, the burden
shifts back to the defendant to prove she acted with probable cause.  Id. 








The statute under which
Backman was charged defines assault as intentionally or knowingly causing
physical contact with another when the accused knows or should reasonably
believe that the other person will regard the contact as offensive or
provocative.  See Tex. Pen. Code Ann. ' 22.01(a)(3)
(Vernon 2003).  A person acts
intentionally with respect to a result of his conduct when it is his conscious
objective or desire to cause the result. 
See id. ' 6.03(a).  A person acts knowingly with respect to a
result of his conduct when he is aware that his conduct is reasonably certain
to cause the result.  See id. ' 6.03(b).  In her own deposition testimony, Backman
indicates that Gentry took the clothing from the store counter after inquiring
three times in a raised voice whether Backman had a receipt for the items.  Backman admitted to cursing at Gentry and
about Gentry to customers.  Backman also
acknowledged in her deposition that she approached Gentry from behind and
reached around her in an attempt to retrieve the clothes.  Though she claims in her appellate brief not
to have touched Gentry in any way, Backman testified that her arm was around
Gentry=s neck.  She also stated that Aif [Gentry] hooked
my arm on her own, that was her fault, but I reached around her.  I didn=t touch her neck
or nothing like that.@  In addition, Backman testified that she did
not know whether she knocked Gentry=s glasses off, but
said that she would not disagree if Gentry said her glasses were knocked
off.  Finally, Backman testified that
Burger, the loss prevention officer, told her to calm down after the incident.  In support of her contention, Backman relies
on the investigation report from the Lake Jackson Police Department, which
states that Burger advised the reporting officer that Backman Anever did hit or
choke or hurt Gentry.@[1]  However, Gentry=s statement to the
police does not indicate an allegation that Backman hit or choked or hurt
Gentry,[2]
nor does the Texas Penal Code require such a finding for the offense of
assault.  Applying the summary-judgment
standard of review, even if Gentry believed the facts concerning the
altercation to be those stated by Backman, such facts would still cause a
reasonable person to believe that Backman had committed an assault on
Gentry.  Accordingly, we overrule Backman=s second issue with
regard to probable cause. 








2.         Malice

Backman also claims
summary judgment should not have been granted because she raised a genuine
issue of fact on the element of malice. 
Malice is defined as ill will, evil motive, gross indifference, or
reckless disregard for the rights of others. 
Digby v. Texas Bank, 943 S.W.2d 914, 922 (Tex. App.CEl Paso 1997, writ denied).  The existence of malice may be inferred from the lack of probable
cause.  Biering v. First Nat=l Bank, 7 S.W. 90, 92
(Tex. 1888).  Backman contends J.C.
Penney and Gentry fabricated the assault charge against her, which demonstrates
ill will and evil motives.  However, Backman
does not cite to any summary-judgment evidence to support this claim, nor has
this court found any.  As a result, we
overrule Backman=s second issue
with regard to malice.  

Accordingly, we affirm
the trial court=s summary judgment
as to Backman=s malicious
prosecution claim.  

B.        False Imprisonment

In her first issue,
Backman asserts that the trial court erred in granting summary judgment in
favor of J.C. Penney and Gentry on her false imprisonment claim because J.C.
Penney and Gentry did not show as a matter of law that they had authority of
law to detain Backman.  Backman contends
she was falsely imprisoned when she was detained by the loss prevention officer
at the store, and then falsely arrested by the Lake Jackson authorities based
on alleged misinformation provided to them by Gentry.








The essential elements of
false imprisonment or false arrest are (1) willful
detention, (2) without consent, and (3) without authority of law.  Wal-Mart Stores, Inc. v. Rodriguez, 92
S.W.3d 502, 506 (Tex. 2002).  The parties
agree that the only issue in contention in this case is the third element.  In their motion for summary judgment, J.C.
Penney and Gentry claim they acted under authority of law.  They cite as authority (1) the shopkeeper=s privilege
created by Texas Civil Practice and Remedies Code section 124.001,[3] (2) the provisions in article 18.16 of the Texas Code of Criminal
Procedure,[4]
and (3) the
reasonable belief that Backman had committed a crime, namely the alleged
assault against Gentry. 

Because Backman was
detained and arrested for an alleged assault, Texas Code of Criminal Procedure
article 18.16 and Texas Civil Practice & Remedies Code section 124.001 do
not apply in this case.  For these provisions
to apply, a person must be seized or detained because she is suspected of
committing a theft.[5]  Here, although the summary-judgment evidence
shows that Gentry took the clothing from Backman in an attempt to investigate
the purchase, Backman was not detained at that time.  It was not until Backman reached for the
clothing in Gentry=s hands and the two women were separated by the loss prevention
officer that Backman was handcuffed and taken to a back room.  In addition, the summary-judgment evidence
does not indicate the loss prevention officer who detained Backman was
investigating a theft by Backman. 
Therefore, we conclude that article 18.16 of the Texas Code of Criminal
Procedure and the shopkeeper=s privilege do not apply in this case.  








In their motion for
summary judgment, J.C. Penney and Gentry asserted a general authority of law Ato detain a person
who has committed a crime, to call the police, and allow them to handle the
matter.@  Under article 14.01 of the Texas Code of
Criminal Procedure, any person may, without a warrant, arrest an offender when
the offense is committed in his presence or within his view, if the offense is
a felony or an offense against the public peace.  Tex.
Code Crim. Proc. Ann. art. 14.01 (Vernon 1977).  To be an offense against the public peace,
the act complained of must be one which disturbs or threatens to disturb the
tranquility enjoyed by the citizens.  Andrade
v. State, 6 S.W.3d 584, 590 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  Assault has been found
to constitute an offense against the public peace.  See Woods v. State, 213 S.W.2d 685,
688 (Tex. Crim. App. 1948) (finding breach of peace when one person assaulted
another in a public place in the presence of others).  In this case, the summary-judgment evidence
shows the alleged assault took place in the department store with other
customers and employees present. 
Therefore, the alleged assault in this case qualified as an offense
against the public peace.

The summary-judgment
evidence shows the following regarding Burger, the J.C. Penney loss prevention
officer who detained Backman:

!         On
the date of the incident in question, after Gentry learned that Backman was on
her way to the store to return some merchandise, Gentry called Burger and asked
him to meet Gentry in the ladies clothing department.

!         The
report from the Lake Jackson Police Department lists Burger as a witness to
Backman=s alleged assault of Gentry.  According to that report, Burger stated that
Backman did not hit, choke, or hurt Gentry Other than this statement, the
summary-judgment evidence contains no statement from Burger regarding what he
observed.

!         Backman
testified that, during her altercation with Gentry, Burger was present and
watching from a distance.

!         Backman
testified that after the altercation in question, Gentry screamed out for
assistance from Burger, who was approaching from a distance and who was Aright there.@

!         Backman
testified that Burger grabbed her hand out from around Gentry, that Burger
grabbed Backman=s left arm, and that Burger told
Backman, AMichelle, calm down.  This is not you.@ 

!         After the
altercation between Gentry and Backman, Burger separated the two women.








Direct observation of
the commission of a crime has been interpreted as requiring the private citizen
to observe enough of the situation to establish probable cause a crime is being
committed.  McGuire v. State, 847
S.W.2d 684, 686 (Tex. App.CHouston [1st Dist.] 1993, no pet.).  Under the
undisputed summary-judgment evidence, Burger observed the altercation between
Backman and Gentry.  As stated above,
even taking as true all evidence favorable to Backman and making all reasonable
inferences therefrom in her favor as to the facts of the altercation, the
record still shows that a reasonable person observing these events would have
believed that Backman had assaulted Gentry. 
Therefore, the summary-judgment evidence shows the loss prevention
officer observed the altercation and had probable cause to believe that Backman
committed the offense of assault by intentionally or knowingly causing physical
contact with Gentry when Backman knew or reasonably should have believed that
Gentry would regard the contact as offensive or provocative.  Accordingly, J.C. Penney had authority of law
to detain Backman until the Lake Jackson police arrived at the scene.  Under the applicable standard of review, J.C.
Penney and Gentry established as a matter of law that they acted under authority
of law.  Therefore, the trial court did
not err in granting summary judgment on Backman=s false imprisonment claim.[6]  Accordingly, we overrule Backman=s first issue.

C.        Intentional Infliction of Emotional
Distress 








In her third issue,
Backman contends the trial court erred in granting summary judgment on her
claim for intentional infliction of emotional distress.  To recover damages for intentional infliction
of emotional distress, a plaintiff must prove (1) the defendant acted
intentionally or recklessly; (2) the conduct was extreme and outrageous; (3)
the defendant=s actions caused the plaintiff emotional distress; and (4) the
resulting emotional distress was severe. 
Standard Fruit & Vegetable Co. v. Johnson, 985 S.W.2d 62, 65
(Tex. 1998).  To be extreme and
outrageous, a defendant=s conduct must be so outrageous in character, and so extreme in
degree, as to go beyond all possible bounds of decency, and to be regarded as
atrocious, and utterly intolerable in a civilized society.  See Tex. Farm Bureau Mut. Ins. Co. v. Sears,
84 S.W.3d 604, 610 (Tex. 2002).  Conduct
that is merely insensitive or rude is not extreme and outrageous.  Id. 
Likewise, Amere insults, indignities, threats, annoyances, petty oppressions,
or other trivialities do not rise to the level of extreme and outrageous
conduct.@  Id. (quotations omitted).  In deciding whether a defendant=s conduct may
reasonably be regarded as so extreme and outrageous as to permit recovery, we
consider both the conduct=s context and the parties= relationship.  Id.
at 610B11.  Although a defendant=s motive or intent is
relevant to an intentional-infliction-of-emotional-distress claim, it is not
enough to support liability.  Id. at
612.  Rather, the conduct itself must be
extreme and outrageous.  Id.








In their motion for
summary judgment, J.C. Penney and Gentry asserted that, as a matter of law,
they did not (1) act intentionally or recklessly, (2) engage in extreme and
outrageous conduct, or (3) cause Backman severe emotional distress.  In her brief, Backman contends, among other
things, that J.C. Penney=s and Gentry=s conduct was extreme and outrageous because it went Abeyond all possible
bounds of decency . . . .@  However, Backman does not
point to any specific conduct as being extreme and outrageous, and she does not
cite a case in which the type of conduct she alleges has been found to be
extreme and outrageous in this context.  See
Sudan v. Sudan, No. 14-01-00854-CV, __ S.W.3d __, __, 2004 WL 1351517, at
*5 (Tex.
App.CHouston [14th Dist.] June 17, 2004, no pet. h.) (op. on reh=g).  The summary-judgment evidence indicates that
Backman did not show Gentry a receipt for clothing that contained the store=s ink tags.  Backman admitted to grabbing around Gentry=s body in an attempt
to retrieve the clothing after Gentry took the clothing from the counter.  A loss prevention officer separated the two
women, handcuffed Backman, and took her to a back room.  Gentry called the Lake Jackson police, who
took Backman to the police station and charged her with assault.  In this context, as a matter of law, J.C.
Penney=s and Gentry=s conduct does not
rise to the level of conduct so extreme and outrageous as to permit recovery
for intentional infliction of emotional distress.  Under these circumstances, the trial court
did not err in granting summary judgment on Backman=s
intentional-infliction-of-emotional-distress claim and, therefore, we overrule
her third issue. 

D.        Exemplary Damages

In her fourth issue, Backman asserts that she raised a fact issue
as to her claim for exemplary damages. 
Under section 41.003 of the Texas Civil Practice & Remedies Code, as
it applies in this case, a claimant must show by clear and convincing evidence
that the harm for which the claimant seeks recovery of exemplary damages
results from malice.  See Tex. Civ. Prac. & Rem. Code Ann. ' 41.003(a)(2) (Vernon
Supp. 2004).  Backman maintains that
exemplary damages are appropriate in this case because Gentry acted with malice
when she deliberately fabricated the assault charge, leading to the false imprisonment,
false arrest, malicious prosecution, and
intentional-infliction-of-emotional-distress claims.  J.C. Penney and Gentry established as a
matter of law that they were entitled to summary judgment on these claims.  We conclude that summary judgment was also
proper as to Backman=s claim for exemplary damages. 
Accordingly, we overrule Backman=s fourth issue.

Having overruled all
of Backman=s issues, we affirm the trial court=s judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum
Opinion filed October 12, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.

 

 











[1]  In their
appellate brief, J.C. Penney and Gentry claim the investigative report is
improper summary- judgment evidence. 
However, they do not explain why they believe this to be the case, nor
does the record contain an objection to this evidence. 





[2]  Gentry=s witness statement to the Lake Jackson Police
Department, in pertinent part, reads: AAs I was
walking off Michele [sic] Backman jumped on my back and put her arm around my
neck.  Burger then came and removed
Backman from my back.@





[3]  See Tex.
Civ. Prac. & Rem. Code Ann. ' 124.001 (Vernon 1997).





[4]  See Tex. Code
Crim. Proc. Ann. art.
18.16 (Vernon Supp. 2004).





[5]  Under article
18.16 of the Texas Code of Criminal Procedure, A[a]ny
person has a right to prevent the consequences of theft by seizing any personal
property that has been stolen and bringing it, with the person suspected of
committing the theft, if that person can be taken, before a magistrate for
examination, or delivering the property and the person suspected of committing
the theft to a peace officer for that purpose. 
To justify a seizure under this article, there must be reasonable ground
to believe the property is stolen, and the seizure must be openly made and the
proceedings had without delay.@  Tex. Code Crim. Proc. Ann. art. 18.16
(Vernon Supp. 2004).  Likewise, the Ashopkeeper=s
privilege@ grants an employee the authority of law to detain a
customer to investigate the ownership of property in a reasonable manner and
for a reasonable time if the employee had a reasonable belief that the customer
has stolen or is attempting to steal store merchandise.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 124.001
(Vernon 1997). 





[6]  Backman also
asserts Gentry deliberately and intentionally misrepresented the facts regarding
the alleged assault incident to the police, which led to Backman=s arrest.  In
support of her contention, Backman cites Wal-Mart Stores, Inc. v. Rodriguez,
a 2002 Texas Supreme Court case. 
However, both Rodriguez and Backman=s
argument in this regard deal with the first element of false imprisonmentCwillful detention. 
See Rodriguez, 92 S.W.3d at 506B11
(holding plaintiff failed to raise a genuine fact issue as to the
willful-detention element of false imprisonment).  Backman concedes that the first element of
false imprisonment is not in dispute in this case; J.C. Penney and Gentry moved
for summary judgment based on the third elementCno
authority of lawCrather than the first element.  Therefore, Backman=s argument that Gentry deliberately and intentionally
misrepresented the facts to the police is not material to the grounds asserted
by J.C. Penney and Gentry in their motion for summary judgment.